## Moichel v. Globe Indemnity Company.

*Insurance—Burglary insurance—Robbery from safe—Evidence of exterior violence.*

In an action on a policy of burglary insurance, where it is essential to establish under the policy that an entry into a safe had been effected by force and violence by the use of tools directly upon the exterior thereof with visible marks of force and violence, averments of the statement of claim are insufficient which merely state that immediately after the theft fingerprints were discovered on the outside of the safe and that there was a broken knob on one of the hinges of the door.

Affidavit of defence raising question of law. C. P. No. 5, Phila. Co., Sept. T., 1925, No. 887.

*Blumberg & Sork,* for plaintiff; *J. J. McDevitt, Jr.,* for defendant.

MARTIN, P. J., June 28, 1926.—This suit was instituted to recover indemnity under a policy of burglary insurance for loss of cash and securities claimed to have been feloniously taken from a safe on plaintiff's premises.

By the terms of the policy the insurer agreed to indemnify the insured "for all loss of that property from within that part of any safe or vault described . . . occasioned by the felonious abstraction of such property from within such safe or vault while such safe or vault is duly closed and locked and located in the assured's premises as defined, . . . after entry into such safe or vault has been effected by force and violence by the use of tools, explosives, electricity, gas or other chemicals directly upon the exterior thereof, of which force and violence there shall be visible marks."

The statement avers that the safe immediately prior to the theft had been closed and locked and was located in the assured's premises; and that entry

into the safe was effected by force and violence, and according to plaintiff's information and belief, by the use of tools upon the exterior thereof; and that the safe immediately after the theft bore fingerprints upon the outside, and a knob on one of the hinges of the door of the safe was broken.

Defendant filed an affidavit of defence raising a question of law that the statement of claim is not sufficient to sustain the action.

To recover under the terms of the policy, it is essential to establish that an entry into the safe was effected by force and violence by the use of tools, etc., directly upon the exterior thereof; and there must have been visible marks of force and violence. The averment that fingerprints were discovered on the outside of the safe and that there was a broken knob on one of the hinges of the door is not sufficient description of visible marks indicating force and violence used upon the outside of the safe in effecting an entrance warranting a conclusion that the safe was opened by forcible means.

In Schoenfeld v. Royal Indemnity Co., 76 Pa. Superior Ct. 299, to sustain a recovery under a policy insuring against burglary, it was held that there must be evidence from which a violent entry may be reasonably inferred. In Wagner v. London Guaranty and Accident Co. (reported in Advance Reports, May 7, 1926) the Superior Court, construing a similar clause in a policy of burglary insurance, held that unscrewing and removing a knob of one of the hinges, moving the safe about six feet and taking off some of the screws of the lock and mechanism, which were found lying on the floor, were not sufficient acts to indicate an entry into the safe by actual force and violence.

The statement that the entry was effected by tools is a conclusion and not an averment of fact indicating how entrance to the safe was effected.

And now, to wit, June 28, 1926, the affidavit of defence raising question of law is sustained and leave is granted plaintiff to file an amended statement of claim.